**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas John REED, Defendant–**
**Appellant.**

No. 00–6685.

United States Court of Appeals,
Sixth Circuit.

Nov. 5, 2001.

Before KEITH, KENNEDY, and
BATCHELDER, Circuit Judges.

Thomas John Reed appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Reed pleaded guilty before a magistrate judge to two counts of mail fraud, violations of 18 U.S.C. § 1341. He was sentenced to forty-six months of incarceration to be followed by three years of supervised release. The forty-six month term was ordered to run consecutive to a twenty-one month sentence Reed received for violating the conditions of a prior supervised-release order. Reed was also ordered to pay over $14,000 in restitution to the victim of his scheme.

In this timely appeal, Reed's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Reed was notified of counsel's motion to withdraw, but he has filed no response.

The record reflects that the district court properly accepted Reed's valid guilty plea after the magistrate judge—with the consent of the parties—conducted the plea colloquy. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant was informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755, 90 S.Ct. 1463. The magistrate judge explained to Reed the rights he was waiving, the statutory maximum sentences involved, and the application of the Sentencing Guidelines. Fed. R.Crim.P. 11(c)(1), (c)(3). Reed acknowledged his guilt of the crimes charged.

Reed filed no objections to the presentence investigation report. By failing

to object, Reed waived any challenge to the factual findings of the probation officer. *United States v. Ward*, 190 F.3d 483, 492 (6th Cir.1999). We have reviewed the record, and we conclude that no nonfrivolous issue exists for appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.